**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LINDA ZAGON,<br><br>         Plaintiff - Appellant,<br><br>  v.<br><br>AMERICAN AIRLINES, INC. LONG TERM DISABILITY PLAN,<br><br>         Defendant - Appellee. | No. 13-55866<br><br>D.C. No. 2:10-cv-08846-GAF-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted May 14, 2015[**]
Pasadena, California

Before: BEA and FRIEDLAND, Circuit Judges and RICE,[***] District Judge.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable Thomas O. Rice, United States District Judge for the Eastern District of Washington, sitting by designation.

Linda Zagon appeals the district court's order granting summary judgment to American Airlines, Inc. Long Term Disability Plan ("Plan"). We review de novo, *Nolan v. Heald College*, 551 F.3d 1148, 1153 (9th Cir. 2009), and affirm.

The district court properly declined Zagon's invitation to incorporate California's notice-prejudice rule into ERISA federal common law. First, federal precedent has repeatedly emphasized ERISA's primary interest in protecting contractually defined benefits, *see Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 830 (2003), and enforcing a plan as written, *see Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 611-12 (2013). Judicial review focuses on the terms of the plan—terms that employers are given "large leeway" to design, *Nord*, 538 U.S. at 833, and upon which the parties have come to rely. Here, the Plan explicitly warns beneficiaries that it will not, without exception, consider a claim filed beyond the one-year submission window. No argument can be made, nor was one made here, that this deadline is unreasonable or otherwise conflicts with ERISA's provisions.

Second, although we recognize the general duty of federal courts to formulate federal common law to supplement the explicit provisions and underlying purposes of ERISA, *Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500 (9th Cir. 1984), this case does not necessitate such judicial legislation.

2

"[F]ederal courts may not lightly create additional rights under the rubric of federal common law; we may exercise our common law authority to fashion new ERISA causes of action only where we deem it necessary to fill in interstitially or otherwise effectuate the statutory pattern enacted in the large by Congress." *Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899, 908 (9th Cir. 2009) (declining to supplement the comprehensive scheme surrounding disclosure rules under ERISA and its implementing regulations) (citation omitted); *see also Nord*, 538 U.S. at 833-34 (concluding that whether the treating physician rule, derived from the Social Security context, should be incorporated into ERISA federal common law is best left to the Legislature and Secretary of Labor).

Zagon's proposal would undermine, rather than effectuate, the statutory pattern Congress enacted. ERISA preempts all state laws that would otherwise govern employee-benefit plans except for those laws that govern insurance-based plans. *Cisneros v. UNUM Life Ins. Co. of Am.*, 134 F.3d 939, 944-45 (9th Cir. 1998). California's notice-prejudice rule is exclusively a creature of state insurance law. *UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358, 371 (1999) ("[The notice-prejudice rule] is an application of a special order, a rule mandatory for insurance contracts, not a principle a court may pliably employ when the circumstances so

3

warrant."). Extending an insurance-based rule to uninsured plans, such as the Plan at issue here, would defeat the distinction Congress made between insured and uninsured plans. *See Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 747 (1985).

Accordingly, the district court's grant of the Plan's motion for summary judgment and denial of Zagon's motion for summary judgment is **AFFIRMED**.